**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 19 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOSE JUAN LOPEZ,

        Plaintiff-Appellant,

v.

JOHN SAMPSON, Deportation
Officer, United States Immigration
and Naturalization Service, Denver,
Colorado, in his individual capacity,

        Defendant-Appellee.

No.  99-1139
(D.C. No. 98-M-2629)
(D. Colo.)

ORDER AND JUDGMENT  *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff brought this *Bivens* action, seeking monetary damages from defendant, an Immigration and Naturalization Service (INS) Deportation Officer. Plaintiff was in custody in connection with deportation proceedings, and, after an appearance before an Immigration Judge, bond was set at $2000. Plaintiff alleges that he attempted to post bond with defendant on December 2 and 3, 1996, and that defendant refused to accept the bond posting. Plaintiff complains that defendant's refusal to comply with the Immigration Judge's order and accept his bond on those two days violated plaintiff's due process rights. Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that his qualified immunity barred plaintiff's claim.

The district court dismissed the complaint, finding that defendant was entitled to qualified immunity because plaintiff had failed to identify violation of a clearly established constitutional right of which a reasonable person should have known. We review the dismissal of plaintiff's complaint *de novo*, *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999), and we affirm.

"When a defendant pleads qualified immunity, the plaintiff must show that: (1) the defendant's actions violated a federal constitutional or statutory right, and

(2) the right violated was clearly established at the time of the conduct at issue." *Jantzen v. Hawkins*, 188 F.3d 1247, 1258 (10th Cir. 1999) (quotation omitted). We agree with the district court that plaintiff has not shown the violation of a constitutional or statutory right. Plaintiff's complaint centers around the fact that defendant did not *immediately* accept his posting of the bond ordered by the Immigration Judge. He maintains that his due process rights were violated because defendant did not comply with Immigration statutes and regulations. Plaintiff has offered no authority, and we have found none, establishing either a constitutional or statutory right to have his bond immediately accepted. The statutory and regulatory sections plaintiff cites refer to the Immigration Judge's authority to set bond and do not speak to, let alone establish a right to, the manner or timing of acceptance of the bond.

The district court was correct in finding that defendant is entitled to qualified immunity on plaintiff's claims. We AFFIRM the dismissal of plaintiff's complaint.

Entered for the Court

John C. Porfilio
Senior Circuit Judge